UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PAUL SOTA,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION (CDCR), et al.,<br><br>        Defendants. | Case No. 25-cv-08400-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate incarcerated at San Quentin Rehabilitation Center, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants the California Department of Corrections and Rehabilitation ("CDCR"); Salinas Valley State Prison Medical Staff Does 1-5; and San Quentin Administration/Medical Staff Does 6-10.

The complaint makes the following allegations. In 2016, while housed at Salinas Valley State Prison ("SVSP"), Plaintiff was scheduled for surgery for a hydrocele tumor on his left testicle. On that day, the urologist also performed procedures on other inmates, including transgender inmates undergoing bilateral orchiectomies. Plaintiff's surgery was delayed and improperly performed, resulting in an illegal castration and chronic complications, including open wounds, clotting, infection, and prolonged untreated pain. One complication was that infected material would not drain from the surgical wound, requiring Plaintiff to manually express the infected material. Plaintiff repeatedly informed SVSP nurses of this problem, but they dismissed him, cursed him, and failed to provide adequate medical care or proper antibiotics. Plaintiff suffered from infected material in the wound for 90 days until he managed to extract a 3 inch clot of infected tissue, after which the wound began to heal. While housed at SQRC, Plaintiff continued to suffer complications, but SQRC physicians have informed him that nothing can be done to correct the illegal castration. The CDCR has failed to provide any corrective treatment. Plaintiff currently suffers from lasting injury, pain, disfigurement, and emotional distress due to

deliberate indifference.

The complaint alleges that (1) Defendants violated the Eighth Amendment's prohibition on deliberate indifference to Plaintiff's serious medical needs because they ignored his documented tumor, botched the surgery, refused him antibiotics, and forced him to suffer months of excruciating pain, infection, and self-treatment; (2) that the CDCR and the Doe defendants violated his Fourteenth Amendment to bodily integrity with respect to medical decisions by failing to distinguish his medical needs from unrelated orchiectomies; and (3) that CDCR supervisory staff and medical staff failed to properly train their subordinates and are therefore liable for the misconduct of their subordinates under a theory of supervisory liability.

Plaintiff seeks a declaration that Defendants have violated the Eighth and Fourteenth Amendments; $2 million in compensatory damages; punitive damages; and costs of suit.

## C. Dismissal with Leave to Amend

Liberally construed, the complaint states a cognizable Eighth Amendment claim against the SVSP medical staff who refused to provide Plaintiff with medical care for his infected post-surgical wound and a cognizable Fourteenth Amendment claim against the SVSP doctor who performed the unauthorized castration. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official violates Eighth Amendment if he knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it); *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990) (under Fourteenth Amendment, competent person has constitutionally protected liberty interest in refusing unwanted medical treatment).

However, for the reasons set forth below, the Court DISMISSES the California Department of Corrections and Rehabilitation from this action with prejudice and DISMISSES the remaining defendants and the remainder of the complaint with leave to amend.

//
//
//
//

First, the claims against the CDCR are barred by the Eleventh Amendment. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). With a few exceptions inapplicable here,[1] a state cannot be sued regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). This Eleventh Amendment immunity extends to suits against a state agency, including the CDCR. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections entitled to Eleventh Amendment immunity). In addition, the CDCR is not a "person" who can be liable under 42 U.S.C. § 1983. *See Will v. Mich. State Dep't of Police*, 491 U.S. 58, 71 (1989); *Hale v. State of Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (state department of corrections is "arm of state" and thus not "person" within meaning of Section 1983). The Court therefore DISMISSES the California Department of Corrections and Rehabilitation from this action with prejudice.

Second, this action cannot proceed against Doe defendants. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. Accordingly, the Court DISMISSES from this action the Doe defendants, including the

---

[1] There are certain exceptions to a state's Eleventh Amendment immunity to suit, none of which are applicable here. A state can waive its Eleventh Amendment immunity. *See, e.g., Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010) (state waives Eleventh Amendment immunity if it unequivocally indicates intent to subject itself to federal court jurisdiction). Congress may abrogate the states' sovereign immunity if it (1) unequivocally expresses its intent to abrogate the immunity and (2) acts pursuant to a valid exercise of power. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55-73 (1996). States can give up their immunity from congressionally authorized suits pursuant to the Constitution. *Torres v. Texas Dep't of Public Safety*, 597 U.S. 580, 584 (2022). Finally, Eleventh Amendment immunity is inapplicable where the plaintiff seeks prospective relief. *See, e.g., Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021).

4

1   SVSP medical staff Doe defendants who refused to treat Plaintiff's post-surgical wound and the
2   SVSP doctor who performed the unauthorized procedure.  This dismissal is without prejudice to
3   Plaintiff seeking leave to file an amended complaint to add these individuals as defendants once he
4   ascertains their identities.

5          Third, Plaintiff has not stated an Eighth Amendment claim against the SVSP doctor who
6   performed the surgery or against the SQRC medical staff defendants.  To state a cognizable Eighth
7   Amendment claim, the prison official must not only "be aware of facts from which the inference
8   could be drawn that a substantial risk of serious harm exists," but he "must also draw the
9   inference."  *Farmer*, 511 U.S. at 837.  There are no allegations that the SVSP doctor intentionally
10  botched the surgery, or knowingly failed to take reasonable steps to abate a known substantial risk
11  of serious harm faced by Plaintiff.  Medical malpractice or negligence does not state an Eighth
12  Amendment violation.  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  There are also no
13  allegations that the SQRC physicians are aware of medical treatment that can reverse a castration
14  and are refusing to provide that treatment to Plaintiff.  Plaintiff has alleged that SQRC physicians
15  believe that nothing can be done to correct the illegal castration.  To the extent that there is
16  medical treatment that can reverse a castration, a difference of opinion between a prisoner-patient
17  and prison medical authorities regarding treatment does not give rise to a § 1983 claim.  *Franklin*
18  *v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In order to prevail on a claim involving choices
19  between alternative courses of treatment, a plaintiff must show that the course of treatment the
20  doctors chose was medically unacceptable under the circumstances and that the doctors chose this
21  course in conscious disregard of an excessive risk to plaintiff's health.  *Toguchi*, 391 F.3d at 1058.
22  The complaint does not identify a course of treatment that would revise the castration.  The
23  complaint also does not make any allegations from which it can be inferred that the SQRC
24  physicians are acting in a medically unacceptable manner or that they chose this course in
25  conscious disregard to Plaintiff's health.  The Court therefore dismisses the Eighth Amendment
26  claims against the SVSP doctor who performed the surgery and against the SQRC medical staff
27  defendants for failure to state a claim.  However, the Court does not dismiss these claims with
28  prejudice because the deficiencies identified could possibly be cured by the allegations of other

facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts). But before Plaintiff may bring these claims, he must identify these defendants by name.

Fourth, there is no separate federal cause of action for failure to train. An alleged failure to train is the basis for Section 1983 liability against the supervisor of the subordinate who allegedly committed the constitutional violation, and is not a separate cause of action.

In preparing an amended complaint, the Court cautions Plaintiff that Section 1983 liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In filing an amended complaint, Plaintiff should for each instance of a constitutional violation, name the person who violated his constitutional right(s), describe what each person did to violate his right(s), identify what federal constitutional provision or federal was violated, and state where and when the violation occurred. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants" or "SQRC medical staff" or "CDCR supervisory staff and medical directors"); rather, he should identify each individual defendant by name and link each defendant to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. Plaintiff is encouraged to use the complaint form.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the deficiencies identified above. The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-08400 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Plaintiff may not incorporate material from the prior complaint by reference and may not sue defendants who have already been dismissed with prejudice. Plaintiff must include in his

amended complaint all the claims he wishes to present and all the defendants he wishes to sue. Failure to file an amended complaint in accordance with this order in the time provided may result in dismissal of this action without further notice to Plaintiff for failure to state a claim or failure to obey a court order. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 11/24/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge